Fernando **GUIZAR,** Plaintiff–Appellee,

v.

Jeanne **WOODFORD;** G. **Virrueta;** E. **Alameida, Jr.;** G. **Harris;** P. **Tingey;** A. **Godfrey;** A. **Alexander,** Defendants–Appellants,

**and**

S.C. **Wohlend;** V.C. **Basso;** S. **James;** R. **Pottieger;** M. **Coziahr;** H. **McEnroe;** V. **Marshall,** Defendants.

No. 07–15743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed June 11, 2008.

Fernando Guizar, Corcoran, CA, pro se.

Christopher M. Young, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellants.

Before: REINHARDT, NOONAN and FISHER, Circuit Judges.

## MEMORANDUM *

Fernando Guizar ("Guizar"), an inmate at the Salinas Valley State Prison, was retained in administrative segregation for over a year pending investigations of his gang affiliation and several disciplinary infractions before ultimately receiving an indeterminate term in the Security Housing Unit ("SHU"). He filed a pro se suit contending that various prison officials vio-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lated his due process rights throughout this process. The served defendants now appeal the district court's denial of qualified immunity, claiming that no constitutional violation occurred or, alternatively, that any violation was based on their reasonable misapprehension of the law. We have jurisdiction under 28 U.S.C. § 1291. We affirm with respect to G. Harris, P. Tingey, A. Alexander and A. Godfrey ("ICC-defendants"), and Jeanne Woodford and E. Alameida Jr. ("Director-defendants"). We reverse with respect to G. Virrueta and do not consider those parties who have yet to be served.[1]

### ICC-defendants

■ "Due process, in the administrative context, merely requires that the prison officials provide the inmate with some notice of the charges against him and an opportunity to present [the inmate's] views to the prison official charged with deciding to transfer [the inmate] to administrative segregation." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam) (alterations in original). This requirement does not impose an exacting burden. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir.1986). Yet, even if the ICC-defendants satisfied the notice requirement, taken in the light most favorable to Guizar the facts establish that they failed to provide him with an opportunity to present his views. This requirement cannot be satisfied simply because it is undisputed that Guizar routinely appeared before the ICC during his segregation. "Under [Guizar's] version of the facts, which we must accept as true at this stage of the litigation," during these appearances the ICC-defendants consistently denied Guizar's multiple requests for an opportunity to refute the gang validation. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 947 (9th Cir. 2003). Both a decade of case law and the language of the regulations in place at the time make clear that the ICC-defendants had "fair warning" that they needed to provide Guizar with such an opportunity, and any mistaken assumption to the contrary was unreasonable. *Cf. Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003). Because "a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case [against the ICC-defendants] must proceed to trial." *Id.* at 1077.

### Virrueta

■ "Due process requires that a prisoner have an opportunity to present his views to the official charged with deciding whether to transfer him to administrative segregation." *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir.1990) (internal quotation marks omitted). Assistant Institutional Gang Investigator Virrueta did not assign Guizar to administrative segregation. Viewing the facts most favorably to Guizar, however, it appears Virrueta's investigation was as a practical matter the decisive basis for Guizar's gang validation and in turn for his transfer to administrative segregation. Under such circumstances, Virrueta's failure to allow Guizar to present his views regarding his gang status would violate Guizar's right to due process of law. *See Toussaint v. Rowland*, 711 F.Supp. 536, 542 (N.D.Cal.1989) (finding that prison procedures that "al-

---

1. To the best of our knowledge, as of this date several named defendants have not been served, namely, J.C. Basso, S. James, R. Pottieger, J. Marshal, M. Coziahr, H. McEnroe and S.C. Wohlend. Although the district court vacated the deadline for serving these defendants and our decision today does not prejudice Guizar's ability to pursue such claims in the future, we decline to consider these claims today when these defendants have yet to make, and the district court has yet to consider, any arguments in their favor.

**554**

lowed a prisoner to be assigned to indeterminate segregation based on suspected prison gang membership without being given an opportunity to present his views to" the official upon whose evaluation a transfer decision is based violated due process). Nonetheless, because this circuit has not previously determined the extent of a prisoner's due process rights with respect to officials who participate in, but do not personally make, transfer decisions, and because state regulations at the time of Guizar's alleged violations did not require gang investigators to interview inmates before submitting a gang validation package, Virrueta was not "on notice that his conduct would be clearly unlawful." *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We therefore reverse the district court's denial of qualified immunity to Virrueta.

***Director-defendants***

■ "Although there is no pure respondeat superior liability under § 1983, a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.' " *Preschooler II v. Clark County Sch. Bd. of Trustees,* 479 F.3d 1175, 1182 (9th Cir.2007) (alteration in original) (citation omitted). Below, the Director-defendants' argument that they were entitled to qualified immunity was based solely on their allegation that their subordinates did not commit any constitutional violations for which they could be held liable. In light of our conclusion that the ICC-defendants may be found to have violated Guizar's due process rights, this argument must fail. Although the Director-defendants might be entitled to qualified immunity on some other basis, they failed to raise any such argument in the district court.

**AFFIRMED in part and REVERSED in part; REMANDED for further proceedings. The parties shall bear their own costs.**